IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

CYNTHIA L. ROPER,                           )
                                            )
            Plaintiff,                      )
                                            )
      v.                                    )          CV 622-034
                                            )
DONNA MARIE BLITCH;                         )
OWNERS INSURANCE COMPANY;                   )
DEWITT DARLEY INSURANCE                     )
AGENCY; and JACOB GAREY,                    )
                                            )
            Defendants.                     )

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Because she is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. <u>Phillips v. Mashburn</u>, 746 F.2d 782, 785 (11th Cir. 1984).

I.     **SCREENING THE AMENDED COMPLAINT**

       A.     **BACKGROUND**

Plaintiff names as Defendants Donna Marie Blitch, Auto Owners Insurance Group, and Dewitt Darley Insurance Agency. (Doc. no. 5, pp. 1-5.) Plaintiff's original complaint also named Jacob Garey as a Defendant. (Doc. no. 1, p. 2.) Plaintiff states all parties are residents of Georgia. (Doc. no. 5, p. 3-4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff worked as a nurse aid for Defendant Blitch.  (Doc. no. 5, p. 8.)  One of Plaintiff's responsibilities was to help bathe Defendant Blitch's mother, Ms. Dot.  (Id.)  On May 28, 2020 at 3:00 p.m., Plaintiff was helping Ms. Dot take a shower at Defendant Blitch's home when Ms. Dot slipped and fell.  (Id. at 7.)  Plaintiff, who had been waiting outside the shower periodically checking on Ms. Dot, quickly moved towards the shower after she heard Ms. Dot slip.  (Id.)  Ms. Dot fell out of the shower, pushing Plaintiff onto a tile wall, where Plaintiff hit her head and then fell down.  (Id.)  Ms. Dot's full weight pressed against Plaintiff, pinning down Plaintiff's leg as Ms. Dot's upper body eventually came to rest on Plaintiff's lap.  (Id.)   As a result, Plaintiff was unable to move for three to five minutes until Defendant Blitch helped her slide out from underneath Ms. Dot's body.  (Id.)  Defendant Blitch asked how Plaintiff felt, and Plaintiff said her back and leg hurt.  (Id.)  Plaintiff then declined pain medication.  (Id.)

Plaintiff asked Ms. Dot what happened, and Ms. Dot said she must have simply slipped and fell.  (Id. at 9.)  Defendant Blitch had previously removed the slip mat in the shower that was intended to prevent falls like these.  (Id.)  As a result of the slip and fall, Ms. Dot and Plaintiff suffered physical injuries.  (Id.)

**B.      DISCUSSION**

**1.      Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard

as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. The complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

3

## 2.     Federal Subject Matter Jurisdiction

"[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Federal courts must always dismiss cases upon determining that they lack subject matter jurisdiction, regardless of the stage of the proceedings. Goodman *ex rel*. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001). To invoke the jurisdiction of the Court, a plaintiff must properly "allege the jurisdictional facts, according to the nature of the case." McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182 (1936).

"A federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). Under 28 U.S.C. § 1332, diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000. The party asserting jurisdiction has the burden of establishing that their cause lies within this limited grant of jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

The amended complaint is devoid of any federal claim or cause of action and appears instead to be an attempt to bring a Georgia tort claim for negligence over which there is no federal jurisdiction. Though the original complaint is no longer operative, the attached exhibits show Plaintiff previously had an attorney who sent a pre-suit settlement offer to Defendant Blitch and her insurance providers, asserting Defendant Blitch violated her duties under

4

Georgia law to Plaintiff, an invitee to Defendant Blitch's property. (Doc. no. 1-1, pp. 6-7.) This lawsuit appears to be Plaintiff's attempt to follow through on that presumably unaccepted settlement offer.

Though Plaintiff checked boxes indicating both federal question and diversity of citizenship as the basis for federal court jurisdiction, (doc. no. 5, p. 3), Plaintiff fails to identify any federal claim or cause of action and has not plead the facts necessary for diversity jurisdiction. While a federal court could have diversity jurisdiction over a state law negligence claim, Plaintiff fails to allege any facts sufficient to establish such jurisdiction as she has not alleged Defendants are citizens of another state. 28 U.S.C. § 1332(a). In fact, Plaintiff alleges all parties are residents of Georgia. (See id. at 3-5.) Because Plaintiff has failed to plead any facts demonstrating she is entitled to invoke the jurisdiction of the federal courts, her amended complaint is subject to dismissal.

## II.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 31st day of May, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA